

**ORDERED in the Southern District of Florida on November 14, 2012.**

                                                        */s/ A. Jay Cristol*

                                                        **A. Jay Cristol, Judge**
                                                        **United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                            Case No. 09-17611-BKC-AJC

RICHARD DEAN KENDLE, II aka RICK
KENDLE aka RICHARD D. KENDLE aka
RICHARD KENDLE, II aka RICHARD
KENDLE aka R. KENDLE, II aka RICHARD
D. KENDLE, II,

       Debtor-in-Possession.
_____/

**ORDER GRANTING THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24 MORTGAGE PASS-THROUGH CERTIFICATES 2007-24'S MOTION TO DETERMINE APPLICABILITY OF §1123(b)(5)**

      **THIS CAUSE** came before the Court on September 24, 2012, upon the Motion to

Determine Applicability of 1123(b)(5) (the "Motion") filed by The Bank of New York Mellon fka

The Bank of New York, as Trustee for The Certificateholders of The CWALT, Inc., Alternative Loan Trust 2007-24 Mortgage Pass-Through Certificates 2007-24 ("Movant") (DE 185). The Court has considered the Motion, the Debtor-in-Possession's Response in Opposition thereto, and both parties' post-hearing submissions in the form of proposed orders. Having also heard the proffers and representations of the parties at the hearing, the Court determines that good cause exists to grant the relief requested.

The pertinent facts are not in dispute. The Debtor filed his Chapter 11 petition on April 24, 2009 (the "Petition Date"). At the time of filing, the Debtor resided in the subject property located at 575 Lakeview Drive, Miami Beach, Florida 33140 (hereinafter, "Subject Property"). The Debtor listed the Subject Property as his residence in his Petition, Schedule A, and Schedule D (DE 1). In or about June 2011, the Debtor asserts he moved to another property owned by him, 8201 Byron Avenue, #401, Miami Beach, FL 33141, and rented the Subject Property, save and except for an office at the Subject Property, pursuant to a written lease for a term of two years to a third party.

The Debtor admits that he continues to maintain his office at the Subject Property. Based on recent bank statements from HSBC, which the Debtor attached to his Operating Report filed on September 14, 2012 (DE 191), the Debtor still uses the Subject Property as his mailing address.

Pursuant to the Plan, the Debtor proposes to modify Movant's rights under the mortgage on the Subject Property by bifurcating the claim secured by the mortgage into a secured claim to the extent of the value of the Debtor's interest in the property and an unsecured claim for the outstanding balance, extending the maturity date of the note and reducing the applicable interest rate.

Movant contends that because the Subject Property was the Debtor's principal residence as

2

of the Petition Date, the anti-modification clause of 11 U.S.C. §1123(b)(5) prohibits any modification of its rights as mortgagee by the Plan or any other plan a party in interest may propose. The Debtor's response is that the predominant character of the transaction between the originator of the loan and himself was that of a commercial loan transaction and therefore the mortgage is not subject to the anti-modification clause.

The Court is not persuaded by the Debtor's argument or proffers and believes the Subject Property is subject to the anti-modification clause found in section 1123(b)(5) of the Bankruptcy Code.  Regardless of where the Debtor currently resides, the determination of "principal residence" for purposes of the anti-modification provision of 11 U.S.C. §1123(b)(5) must be made as of the petition date.  See, e.g. *In re Abdelgadir*, 455 B.R. 896 (9th Cir. BAP 2011); *In re Santiago*, 404 B.R. 564 (Bankr. S.D. Fla. 2009); *In re Perez*, 2010 WL 2821882 (Bankr. S.D. Fla. 2010).  In this case, the Debtor not only represented to the lender on his loan application that he would use the Subject Property as his principal residence, but the Debtor did in fact use the Subject Property as a principal residence, and was still using the Subject Property as his principal residence on the Petition Date.

The Court is not persuaded that the mortgage on the Subject Property is part of a commercial transaction, precluding application of the anti-modification clause, simply because several other properties on which Debtor obtained mortgages require him to use said properties as a principal residence.  The mortgages were obtained in separate transactions; and, Debtor's representations to his lender that he would occupy different properties as his principal residence may have allowed the Debtor to avail himself of lower interest rates which are typically provided for loans on primary residences.  Notwithstanding, the Debtor represented to the mortgagee that

3

he was obtaining a mortgage on the Subject Property which he intended to use as his primary residence, and which he indeed used as his primary residence well into the administration of his bankruptcy case. Because it is undisputed that the Debtor used the Subject Property as his principal residence at the Petition Date, the Subject Property is protected by the anti-modification clause of 11 U.S.C. §1123(b)(5) and, thus, cannot be modified.

The Debtor's reliance on *In re Zaldivar*, 441 B.R. 389 (Bankr. S.D. Fla. 2011) to support his argument that the predominant character of the transaction with respect to the purchase of the Subject Property was commercial is entirely misplaced. *Zaldivar* dealt with a duplex wherein the debtor occupied one unit and rented the second unit to a third party. The court in *Zaldivar* allowed the "strip down" of the mortgage on the property because the property was a multi-unit rental property and, therefore, was not "solely" the debtor's residence. The Subject Property in this case is a single-family residence, admittedly used as a principal residence until sometime post-petition. Thus, the holding in *Zaldivar* is inapplicable to the facts of this case. Accordingly, it is

**ORDERED** that the Motion to Determine Applicability of §1123(b)(5) is GRANTED, and the mortgage held by the Movant on the Subject Property is not subject to modification.

# # #

Copies furnished via ECF to:
Gerard Kouri, Jr., Esq., attorney for Creditor
David C. Profilet, Esq., attorney for Debtor
U.S. Trustee
20 largest unsecured creditors list