UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re | Case No. 09-17611-AJC |
| Richard Dean Kendle, II, a/k/a Rick Kendle, a/k/a Richard D. Kendle, a/k/a Richard Kendle, II, a/k/a Richard Kendle, a/k/a R. Kendle, II, a/k/a Richard D. Kendle, II, | Chapter 11 Case |
| Debtor and Debtor in Possession. | |
| Address:  575 Lakeview Dr. Miami Beach, FL 33141 | |
| SSN:  XXX-XX-7569 | |

**THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY RICHARD DEAN KENDLE, II, DEBTOR AND DEBTOR IN POSSESSION, DATED APRIL 15, 2013**

  Pursuant to chapter 11 of title 11, United States Code (the "Code"), Richard Dean Kendle, II, the debtor and debtor in possession (the "Debtor"), proposes the following amended plan of reorganization (the "Plan"):

## ARTICLE I
## SUMMARY

  This Plan proposes to pay creditors of the Debtor from cash flow from operations and other future income. This Plan provides for ten classes of secured claims; one class of unsecured claims entitled to priority under section 507(a)(7) of the Code; one class of general unsecured claims; and one class of the Debtor's interest in the property of his estate. Unsecured creditors holding allowed claims will receive distributions which the proponent of this Plan has valued at approximately five cents on the dollar. Priority unsecured creditors holding allowed claims will be paid in cash the allowed amount of their claims without interest thirty (30) days after the later of (a) the Effective Date of the Plan (as defined in paragraph 9.02 of the Plan) or (b) all contingencies under the holder's lease are fulfilled.

  This Plan also provides for payment in full of administrative claims allowable under section 507(a)(2) of thc Code for (a) fees and costs of the Debtor's professionals; (b) fees and charges assessed by the United States trustee under section 1930(a)(6), title 28, United States Code ("U.S. Trustee Fees"), through confirmation of the Plan and thereafter until the case is closed, dismissed or converted to another chapter of the Code; and (c) all other expenses of administration incurred in the ordinary course of business and allowable under section 507(a)(2) of the Code.

  The Debtor will retain his interest in all property of his estate, but will not receive a discharge under section 1141(d) of the Code unless and until he makes all payments proposed by the Plan or as otherwise provided in section 1141(d)(5) of the Code..

**DAVID C. PROFILET, P.A.**

2924 Prairie Avenue                    Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423            Email dprofilet@profilet.net

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.  The claim of Bank of America, N.A, f/k/a BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, f/k/a Countrywide Home Loans, Inc. ("BAC"), secured by a valid and perfected first priority mortgage in the real property legally described as:

> Lot 38, Block 8, of BISCAYNE BEACH SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 44, Page 67, of the Public Records of Miami-Dade County, Florida,

commonly known as 795 84th St., Miami Beach, FL (the "84th St. Property"), to the extent allowed as a secured claim under section 506 of the Code.

2.02    Class 2.  BAC's claim secured by a valid and perfected second priority mortgage in the 84th St. Property to the extent allowed as a secured claim under section 506 of the Code.

2.03    Class 3.  BAC's claim secured by a valid and perfected first priority mortgage in the real property legally described as:

> Lot 16-A, Block 6, of ISLE OF NORMANDY, OCEANSIDE SECTION, according to the Plat thereof, as recorded in Plat Book 25, Page 60. of the Public Records of Miami-Dade County, Florida,

commonly known as 969 Bay Dr., Miami Beach, FL (the "Bay Dr. Property"), to the extent allowed as a secured claim under section 506 of the Code.

2.04    Class 4.  BAC's claim secured by a valid and perfected second priority mortgage in the Bay Dr. Property to the extent allowed as a secured claim under section 506 of the Code.

2.05    Class 5.  The claim of The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the CWALT Alternative Loan Trust 2007-24 Mortgage Pass-Through Certificates 2007-24 ("BONY"), secured by a valid and perfected first priority mortgage in the real property legally described as:

> Lot 23, Block 28, of LAKE VIEW SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 14, Page 42, of the Public Records of Miami-Dade County, Florida,

commonly known as 575 Lakeview Dr., Miami Beach, FL (the "Lakeview Dr. Property"), to the extent allowed as a secured claim under section 506 of the Code.

2.06    Class 6.  BAC's claim secured by a valid and perfected first priority mortgage in the real property legally described as:

> Lot 20, Block 19, of NORMANDY WATERWAY SUBDIVISION, ISLE OF NORMANDY, according to the Plat thereof, as recorded in Plat Book 40, Page 60, of the Public Records of Miami-Dade County, Florida,

commonly known as 1335 Marseille Dr., Miami Beach. FL (the "Marseille Dr. Property"), to the extent allowed as a secured claim under section 506 of the Code.

2.07    Class 7.  The claim of Navy Federal Credit Union (NFCU") secured by a valid and perfected second priority mortgage in the Marseille Dr. Property to the extent allowed as a secured claim under section 506 of the Code.

2.08    Class 8.  The claim of Specialized Loan Servicing, LLC as servicing agent for CWHEQ Revolving Home Equity Loan Trust, Series 2006-F, by transfer of claim from BAC secured by a valid and perfected first priority mortgage in the real property legally described as:

> Lot 5, Block 30, of ISLE OF NORMANDY, MIAMI VIEW SECTION, PART 2, according to the Plat thereof, as recorded in Plat Book 41, Page 75, of the Public Records of Miami-Dade County, Florida,

commonly known as 1776 Normandy Dr., Miami Beach, FL (the "Normandy Dr. Property"), to the extent allowed as a secured claim under section 506 of the Code.

2.09    Class 9.  BAC's claim secured by a valid and perfected second priority mortgage in the Normandy Dr. Property to the extent allowed as a secured claim under section 506 of the Code.

2.10    Class 10.  The claim of the Miami-Dade County Tax Collector for prepetition ad valorem taxes on the Debtor's real property to the extent allowed as a secured claim under section 506 of the Code.

2.11    Class 11.  All allowed claims entitled to priority under section 507(a)(7) of the Code.

2.12    Class 12.  All unsecured claims allowed under section 502 of the Code.

2.13    Class 13.  The interest of the Debtor in the property of the estate.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND U.S. TRUSTEE FEES**

3.01    Unclassified Claims. Pursuant to section 1l23(a)(1) of the Code, administrative expense claims, including U.S. Trustee Fees, are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under section 503(b)(2) of the Code will be paid in full on the Effective Date of the Plan, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor or the Reorganized Debtor (as defined in paragraph 4.13), as applicable, or if not awarded by the court as of the Effective Date then at such other time as ordered by the court in a final non-appealable

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                         Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                    Email dprofilet@profilet.net

order.  Notwithstanding the foregoing, on the Effective Date, the Reorganized Debtor shall pay the following amounts to BAC in full satisfaction of any administrative expense claim it holds for advances less credited refunds for ad valorem real property taxes or hazard insurance premiums that came due between April 24, 2009, the date on which the Debtor filed his voluntary petition for relief under chapter 11 of the Code (the "Petition Date"), and December 31, 2012:

>   (a)   $0.00 in respect of the 84th St. Property;
>   (b)   24,128.53 in respect of the Bay Dr. Property; and
>   (c)   $34,376.07 in respect of the Marseilles Dr. Property, as provided by order dated February 13, 2013 (D.E. 319);

provided, however, that these amounts shall be adjusted accordingly for any additional advances made or refunds received by BAC between January 1, 2013 and the Effective Date.  To the extent BAC makes any advances or receives any refunds after the Effective Date, BAC will promptly provide Debtor's counsel with evidence thereof.

      3.03   <u>Ordinary Course Administrative Expenses</u>. Administrative expenses incurred in the ordinary course of business allowed or allowable under section 503(b)(1) of the Code shall be paid in full by the Debtor or the Reorganized Debtor, as appropriate, in the ordinary course of business or as agreed upon by the holder of the claim and the Debtor or the Reorganized Debtor.

      3.04   <u>U.S. Trustee Fees</u>. The Debtor shall pay all U.S. Trustee Fees through confirmation within fourteen (14) days after entry of the order confirming the Plan. The Reorganized Debtor shall file with the court post-confirmation Quarterly Operating Reports and pay the appropriate amount of all U.S. Trustee Fees for post-confirmation periods within the time period set forth in section 1930(a)(6), title 11, United States Code, based on all post-confirmation disbursements, until the earlier of the closing of the case by the issuance of a final decree by the court or upon entry of an order by the court dismissing the case or converting the case to another chapter of the Code.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS

      4.01   <u>Class 1 - BAC's First Mortgage on the 84th St. Property</u>. The value of the allowed secured portion of BAC's Class 1 claim shall be $310,589.22 and BAC shall receive a Class 12 general unsecured claim for the remainder of its outstanding indebtedness as of the Petition Date.

      In addition, the terms of BAC's note and mortgage are and shall be renewed and modified as follows: The rate of interest shall be five and one quarter percent (5.25%) per annum (for purposes of this paragraph 4.01 of the Plan, the "Interest Rate") and such interest shall be calculated based on a 365-day year. The principal amount due and payable under the note, i.e., the outstanding secured amount of the claim, shall be $310,589.22 (for purposes of this paragraph 4.01 of the Plan, the "Principal Indebtedness"). The term of the note is thirty (30) years after the Effective Date.

      On the Effective Date of the Plan, all accrued and unpaid interest from the date of the entry of the order confirming the Plan through and including thirty (30) days from the Effective Date shall he added to the Principal Indebtedness (for purposes of this paragraph 4.01 ("the "Capitalized Principal Indebtedness"). The Capitalized Principal Indebtedness shall be amortized

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                            Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                          Email dprofilet@profilet.net

over the thirty- (30) year period after the Effective Date and repaid by the Reorganized Debtor plus interest at the Interest Rate in regular monthly installments commencing on the first business day of the month after the Effective Date and continuing on the first business day of the month for each month thereafter until paid in full.

In the event the Debtor defaults as to any of the provisions of this paragraph 4.01 of the Plan, BAC will provide notice thereof to the Debtor and his attorney of record via regular United States mail, and an opportunity for the Debtor to cure the default within eighteen (18) days (15 days plus 3 for mailing) of the date the notice is mailed.  If upon the nineteenth (19th) day the Debtor fails to cure the delinquency, then BAC may submit to the Court an affidavit of default with an order vacating the automatic stay as to BAC which shall allow BAC to proceed with foreclosure proceedings upon the subject property, pursuant to applicable state law, and take any action necessary to obtain complete possession thereof.  If the case is closed as of the date of any such notice of default BAC may proceed with its non-bankruptcy remedies, including foreclosure, after the nineteenth (19th) day without seeking further approval of the Court.  Alternatively, BAC may file a motion to reopen the case and an affidavit of default with an order vacating the automatic stay as to BAC.  The filing fees for any such motion to reopen shall be waived as provided by the Court's Local Rules.

Except as modified by the Plan, the remaining terms and conditions of BAC's note and mortgage, including, without limitation, the terms and conditions providing for the payment of "Escrow Items" (as such term is defined in the mortgage), shall remain unchanged and in full force and effect.

Class 1 is impaired.

4.02    Class 2 - BAC's Second Mortgage on the 84th St. Property. The value of the allowed secured portion of BAC's Class 2 claim based on a second mortgage on the 84th St. Property is $0 and BAC shall receive a Class 12 general unsecured claim for all of the outstanding indebtedness under its note and mortgage as of the Petition Date.

Class 2 is impaired.

4.03    Class 3 - BAC's First Mortgage on the Bay Dr. Property. The value of the allowed secured portion of BAC's Class 3 claim based on a first mortgage on the Bay Dr. Property shall be $360,000 and BAC shall receive a Class 12 general unsecured claim for the rcmainder of its outstanding indebtedness as of the Petition Date.

In addition, the terms of BAC's note and mortgage are and shall be renewed and modified as follows: The rate of interest shall be five percent (5.00%) per annum (for purposes of this paragraph 4.03 of the Plan, the "Interest Rate") and such interest shall be calculated based on a 365-day year. The principal amount due and payable under the note, i.e., the outstanding secured amount of the claim, shall be $360,000 (for purposes of this paragraph 4.03 of the Plan, the "Principal Indebtedness"). The term of the note is thirty (30) years after the Effective Date.

On the Effective Date of the Plan, all accrued and unpaid interest from the date of the entry of the order confirming the Plan through and including thirty (30) days from the Effective Date shall be added to the Principal Indebtedness (for purposes of this paragraph 4.03, the "Capitalized Principal Indebtedness"). The Capitalized Principal Indebtedness shall be amortized over the thirty- (30) year period after the Effective Date and repaid by the Reorganized Debtor plus interest at the Interest Rate in regular monthly installments commencing on the first business

day of the month after the Effective Date and continuing on the first business day of the month for each month thereafter until paid in full.

In the event the Debtor defaults as to any of the provisions of this paragraph 4.03 of the Plan, BAC will provide notice thereof to the Debtor and his attorney of record via regular United States mail, and an opportunity for the Debtor to cure the default within eighteen (18) days (15 days plus 3 for mailing) of the date the notice is mailed. If upon the nineteenth (19th) day the Debtor fails to cure the delinquency, then BAC may submit to the Court an affidavit of default with an order vacating the automatic stay as to BAC which shall allow BAC to proceed with foreclosure proceedings upon the subject property, pursuant to applicable state law, and take any action necessary to obtain complete possession thereof. If the case is closed as of the date of any such notice of default BAC may proceed with its non-bankruptcy remedies, including foreclosure, after the nineteenth (19th) day without seeking further approval of the Court. Alternatively, BAC may file a motion to reopen the case and an affidavit of default with an order vacating the automatic stay as to BAC. The filing fees for any such motion to reopen shall be waived as provided by the Court's Local Rules.

Except as modified by the Plan, the remaining terms and conditions of BAC's note and mortgage, including, without limitation, the terms and conditions providing for the payment of "Escrow Items" (as such term is defined in the mortgage), shall remain unchanged and in full force and effect.

Class 3 is impaired.

4.04    <u>Class 4 - BAC's Second Mortgage on the Bay Dr. Property</u>. The value of the allowed secured portion of BAC's Class 4 claim based on a second mortgage on the Bay Dr. Property is $0 and BAC shall receive a Class 12 general unsecured claim for all of the outstanding indebtedness under its note and mortgage as of the Petition Date.

Class 4 is impaired.

4.05    <u>Class 5 - BONY's First Mortgage on the Lakeview Dr. Property</u>. On account of BONY's first mortgage on the Lakeview Dr. Property, on the Effective Date, the estate's right, title and interest in and to the Lakeview Dr. Property shall be deemed abandoned by and no longer property of the Debtor's estate and the stay of any act against such property under section 362(a) of the Code terminated; provided, however, that the foregoing is without prejudice to the Debtor's ability to subsequently obtain a loan modification or "short sale" with the loss mitigation of department of BAC, the authorized servicer of the loan. The terms of any such modification or short sale shall be subject to the review and approval by BONY or BAC.

Class 5 is impaired.

4.06    <u>Class 6 - BAC's First Mortgage on the Marseille Dr. Property</u>. The value of the allowed secured portion of BAC's Class 6 claim based on a first mortgage on the Marseille Dr. Property shall be $350,000 and BAC shall receive a Class 12 general unsecured claim for the remainder of its outstanding indebtedness as of the Petition Date.

In addition, the terms of BAC's note and mortgage are and shall be renewed and modified as follows: The rate of interest shall be five percent (5.00%) (for purposes of this paragraph 4.06 of the Plan, the "Interest Rate") and such interest shall be calculated based on a 365-day year. The principal amount due and payable under the note, i.e., the outstanding secured amount of the

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                                              Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                                          Email dprofilet@profilet.net

claim, shall be $350,000 (for purposes of this paragraph 4.06 of the Plan, the "Principal Indebtedness"). The term of the note is forty (40) years after the Effective Date.

On the Effective Date of the Plan, all accrued and unpaid interest from the date of the entry of the order confirming the Plan through and including thirty (30) days from the Effective Date shall be added to the Principal Indebtedness (for purposes of this paragraph 4.06, the "Capitalized Principal Indebtedness"). The Capitalized Principal Indebtedness shall be amortized over the forty- (40) year period after the Effective Date and repaid by the Reorganized Debtor plus interest at the Interest Rate in regular monthly installments commencing on the first business day of the month after the Effective Date and continuing on the first business day of the month for each month thereafter until paid in full.

In the event the Debtor defaults as to any of the provisions of this paragraph 4.06 of the Plan, BAC will provide notice thereof to the Debtor and his attorney of record via regular United States mail, and an opportunity for the Debtor to cure the default within eighteen (18) days (15 days plus 3 for mailing) of the date the notice is mailed. If upon the nineteenth (19th) day the Debtor fails to cure the delinquency, then BAC may submit to the Court an affidavit of default with an order vacating the automatic stay as to BAC which shall allow BAC to proceed with foreclosure proceedings upon the subject property, pursuant to applicable state law, and take any action necessary to obtain complete possession thereof. If the case is closed as of the date of any such notice of default BAC may proceed with its non-bankruptcy remedies, including foreclosure, after the nineteenth (19th) day without seeking further approval of the Court. Alternatively, BAC may file a motion to reopen the case and an affidavit of default with an order vacating the automatic stay as to BAC. The filing fees for any such motion to reopen shall be waived as provided by the Court's Local Rules.

Except as modified by the Plan, the remaining terms and conditions of BAC's note and mortgage, including, without limitation, the terms and conditions providing for the payment of "Escrow Items" (as such term is defined in the mortgage), shall remain unchanged and in full force and effect.

Class 6 is impaired.

4.07    Class 7 - NFCU's Second Mortgage on the Marseille Dr. Property. The value of the allowed secured portion of NFCU's Class 7 claim based on a second mortgage on the Marseille Dr. Property is $0 and NFCU shall receive a Class 12 general unsecured claim for all of the outstanding indebtedness under its note and mortgage as of the Petition Date.

Class 7 is impaired.

4.08    Class 8 - Specialized's First Mortgage on the Normandy Dr. Property. The value of the allowed secured portion of Specialized's Class 8 claim based on a first mortgage on the Normandy Dr. Property shall be $240,000 and Specialized shall receive a Class 12 general unsecured claim for the remainder of its outstanding indebtedness as of the Petition Date.

In addition, the terms of Specialized's note and mortgage are and shall be renewed and modified as follows: The rate of interest shall be four and one quarter percent (4.25%) per annum (for purposes of this paragraph 4.08 of the Plan, the "Interest Rate") and such interest shall be calculated based on a 365-day year. The principal amount due and payable under the note, i.e., the outstanding secured amount of the claim, shall be $240,000 (for purposes of this paragraph

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                 Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                Email dprofilet@profilet.net

4.08 of the Plan, the "Principal Indebtedness"). The term of the note is thirty (30) years after the Effective Date.

On the Effective Date of the Plan, all accrued and unpaid interest from the date of the entry of the order confirming the Plan through and including thirty (30) days from the Effective Date shall be added to the Principal Indebtedness (for purposes of this paragraph 4.08, the "Capitalized Principal Indebtedness"). The Capitalized Principal Indebtedness shall be amortized over the thirty- (30) year period after the Effective Date and repaid by the Reorganized Debtor plus interest at the Interest Rate in regular monthly installments commencing on the first business day of the month after the Effective Date and continuing on the first business day of the month for each month thereafter until paid in full.

The Debtor shall place in escrow pursuant to the terms and conditions of the first mortgage all ad valorem taxes assessed against the Normandy Dr. Property beginning January 1, 2013.  Any balance now reflected in the present escrow for pre- or post-petition advances for taxes or insurance or the like is included in and accounted for in the amount of the allowed secured claim of $240,000.

Except as modified by the Plan, the remaining terms and conditions of Specialized's note and mortgage shall remain unchanged and in full force and effect.

Class 8 is impaired.

4.09    Class 9 - BAC's Second Mortgage on the Normandy Dr. Property. The value of the allowed secured portion of BAC's Class 9 claim based on a second mortgage on the Normandy Dr. Property is $0 and BAC shall receive a Class 12 general unsecured claim for all of the outstanding indebtedness under its note and mortgage as of the Petition Date.

Class 9 is impaired.

4.10    Class 10 - Miami-Dade County Tax Collector's Secured Tax Claim. The Class 10 secured claim of the Miami-Dade Tax Collector for pre-petition ad valorem taxes on the Debtor's real property shall be disallowed in its entirety as having been satisfied during the chapter 11 case. The Debtor or the Reorganized Debtor, as appropriate, shall file an objection to the claim accordingly in the time provided by the Federal Rules of Bankruptcy Procedure, the Local Rules of the court or as otherwise ordered by the court unless the claim is previously withdrawn.

Class 10 is impaired.

4.11    Class 11 - Priority Tenant Security Deposits. The Reorganized Debtor shall pay the holders of allowed Class 11 claims for priority tenant security deposits in cash the allowed amount of their claims without interest thirty (30) days after the later of (a) the Effective Date of the Plan or (b) all contingencies under the holder's lease are fulfilled.

Class 11 is impaired.

4.12    Class 12- General Unsecured Claims. Each holder of an allowed Class 12 general unsecured claim shall receive or retain on account of such claim a pro rata share in deferred cash payments the greater of (a) the Reorganized Debtor's projected "Disposable Income" (as defined in section 1325(b)(2) of the Code and determined by the court in the order confirming the Plan or such other order the court deems appropriate) to be received during the five-year period

beginning on the Effective Date of the Plan; or (b) an amount equal to $143,898 (including interest at the rate of 12% per annum from the Effective Date until paid in full). Distributions shall be payable and made by the Reorganized Debtor quarterly on the later of (a) the first business day following thirty (30) days after the end of each calendar quarter after the Effective Date or (b) the date on which such claim is allowed by a final, non- appealable order.

Class 12 is impaired.

4.13    Class 13 - The Interest of the Debtor in the Property of the Estate. On account of the Debtor's Class 13 interest in the property of the estate, all property of the estate shall vest in the Debtor on the Effective Date of the Plan free and clear of all claims, liens or other charges of creditors except as provided in this Plan.  Upon giving effect to the Plan, the Debtor shall become the "Reorganized Debtor".

Class 13 is unimpaired.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (a) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (b) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed. contingent. or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution shall be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor or the Reorganized Debtor, as appropriate, shall have the power and authority to settle and compromise a disputed claim with court approval and compliance with rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases. As of the Effective Date, the Debtor assumes the following unexpired leases and executory contracts:

None

6.02    Rejected Executory Contracts and Unexpired Leases. The Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases not expressly assumed under paragraph 6.01 of this Plan or prior to the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this paragraph must be filed no later than thirty (30) days after the Effective Date of this Plan.

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                                    Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                              Email dprofilet@profilet.net

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    The Plan shall be implemented on the Effective Date by the restructuring of the debtor-creditor relationships as provided by the Plan. Funding for the Plan shall be from (a) the income from the business operations of Florida Tax Appeals, LLC, a Florida limited liability corporation wholly-owned by the Debtor; (b) rent received under residential leases of the Debtor's real property; (c) the Debtor's retired pay from the United States government: and (d) such other income as the Debtor may realize from time to time through gainful employment.

7.02    Upon the Effective Date of the Plan, the Reorganized Debtor shall be (a) substituted for the Debtor in any pending or potential litigation or regulatory matters in which the Debtor is acting or is authorized to act on behalf of the Debtor's estate, and (b) vested with all of the Debtor's powers to file claims or commence actions to recover claims or assets which would become property of the Reorganized Debtor if recovered, whether or not any action has been commenced to enforce any such power or to recover any such claim or asset.

# ARTICLE VIII
## RETENTION OF JURISDICTION FOR SUPERVISION OF THE PLAN

8.01    Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the court shall retain exclusive jurisdiction of all matters arising out of, and related to, the Debtor's chapter 11 reorganization proceedings and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Code:

(a)    To hear and confirm any modification of the Plan under section 1127 of the Code;

(b)    To ensure that distributions to holders of allowed claims are accomplished as provided herein;

(c)    To hear and determine any objections to administrative expenses, proofs of claim or interest filed before or after entry of the confirmation order, including any objections to the classification of any claim or interest, and to allow or disallow any disputed administrative expense, disputed claim or disputed interest, in whole or in part;

(d)    To hear and determine all applications, adversary proceedings and contested matters after the Effective Date of the Plan, specifically including, but not limited to, matters in connection with sections 502 and 506 of the Code, the assumption and rejection of executory contracts and unexpired leases, determinations relative to the secured and unsecured status of claims and approval of settlements by the Reorganized Debtor;

(e)    To enter and implement such orders as may be appropriate in the event the confirmation order is for any reason stayed, revoked, modified or vacated;

(f)    To enforce and administer the provisions of the Plan and to issue such orders in aid of execution of the Plan, including, without limitation, the resolution of disputes arising in connection with the interpretation, implementation or enforcement of the Plan, to the extent authorized by section 1142 of the Code;

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                                           Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                                    Email dprofilet@profilet.net

(g) To hear and determine all applications for compensation and reimbursement of the expenses of professionals under sections 330, 331 and 503(b) of the Code;

(h) To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Code;

(I) To hear and determine avoidance actions under sections 541 through 550 and 553 of the Code;

(j) To hear and determine any other matters not inconsistent with the Code;

(k) To grant a discharge to the Debtor on completion of all payments under the Plan or as otherwise provided under section 1141(d)(5) of the Code; and

(l) To enter a final decree closing the chapter 11 case.

## ARTICLE IX
## GENERAL PROVISIONS

9.01    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, as supplemented by such other terms defined in the Plan.

9.02.    <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

9.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04    <u>Binding Effect</u>. The rights and obligations of the Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan and any creditor, whether or not the claim or interest of such person is impaired under the Plan and whether or not such person has accepted the plan, shall be binding upon, and will inure to the benefit of the successors or assigns of any such person.

9.05    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.07    <u>Subsequent Action by the Debtor</u>.  Subsequent to confirmation, the Debtor or the Reorganized Debtor, as appropriate, shall be authorized and directed to cause to be taken any action necessary or appropriate to carry out the provisions of the Plan.

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                                                                         Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                                                                    Email dprofilet@profilet.net

  9.08 <u>Revocation</u>.  The Debtor reserves the right to revoke and withdraw this Plan prior to confirmation.  If the Plan is revoked or withdrawn, then the Plan shall be deemed null and void.

  9.09 <u>Reservation of Rights Under Sections 1141(d)(5) and 350(a)</u>.  The Debtor or the Reorganized Debtor, as appropriate, reserves the right, after confirmation, to move for an order closing his chapter 11 case prior to the entry of an order of discharge, upon payment of the initial distribution under the Plan and outstanding U.S. Trustee Fees and filing with the court any outstanding federal income tax returns requested under section 521(f) of the Code.  Except as otherwise provided in paragraphs 4.01, 4.03 and 4.06 of the Plan, such motion may also request that, notwithstanding section 362(c)(2)(A) of the Code, subject to subsections (d), (e), (f) and (h) of section 362 of the Code, the stay of any act under subsection (a) of section 362, other than the stay of an act against property of the estate under subsection (a) of section 362, shall continue until the earlier of (1) the time the case is dismissed; or (2) the time a discharge is granted or denied.  Such a motion may be considered only upon notice and hearing, with notice to all creditors and other interested parties.  If the court grants the motion, then on completion of all payments under the Plan or as otherwise provided in section 1141(d)(5) of the Code, the Debtor may move to reopen the case, pursuant to section 350(b) of the Code, to request a discharge pursuant to paragraph 10.01 of the Plan and section 1141(d) of the Code.  <u>This paragraph only preserves the Debtor's right to request the relief described in this paragraph and does not conclusively grant such relief.  The rights of creditors and other interested parties to object to such relief shall be preserved similarly until such time as the Debtor requests the contemplated relief after confirmation.</u>

  9.10 <u>Distributions and Unclaimed Funds</u>.  Subject to rule 9010 of the Federal Rules of Bankruptcy Procedure and paragraph 9.11 of the Plan, all distributions to creditors who have not filed a proof claim or notice of change of address shall be made by check payable to and mailed to each such creditor at the address set forth in the Debtor's schedules; all other distributions shall be made by check payable to and mailed to each creditor at the address set forth in a proof of claim or notice of change of address filed with the court.

  In the event that any distribution of funds by the Debtor or the Reorganized Debtor remains unclaimed for a period of ninety (90) days after the date on which the distribution check is written, the allowed amount of such claim upon which such distribution was unclaimed shall be reduced to zero dollars, such unclaimed distribution shall become the property of the Reorganized Debtor and no further distribution shall be made to the holder of such claim.  A distribution of funds is unclaimed, if, without limitation, the holder of a claim entitled thereto does not cash a check within the time allocated or returns a check, or if the check mailed to the holder addressed as provided in this paragraph is returned by the United States Postal Service as undeliverable.

  9.11 <u>Small Distributions</u>.  No distribution in an amount less than $5.00 shall be made to any creditor.  Any distribution not so distributed shall become the property of the Reorganized Debtor.

**DAVID C. PROFILET, P.A.**

2924 Prairie Avenue  Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423  Email dprofilet@profilet.net

## ARTICLE X
## DISCHARGE

      10.01.  <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in section 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under section 523 of the Code, except as provided in rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

      Dated: April 15, 2013

      Respectfully submitted,

DAVID C. PROFILET, P.A.

*/s/ Richard Dean Kendle, II*
Richard Dean Kendle, II
Debtor and Debtor in Possession and Plan Proponent

By: */s/ David C. Profilet*
    David C. Profilet
    (Fla. Bar No. 516650)

Attorneys for Debtor and Debtor in Possession and Plan Proponent

2924 Prairie Ave.
Miami Beach, FL 33140-3423
Telephone 305-531-8741
Email dprofilet@profilet.net

**DAVID C. PROFILET, P.A.**
2924 Prairie Avenue                                        Telephone (305) 531♦8741
Miami Beach ♦ FL 33140-3423                        Email dprofilet@profilet.net